**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4755**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

EDWARD JORGE GARDNER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.   N. Carlton Tilley,
Jr., Senior District Judge.   (1:08-cr-00177-NCT-1)

Submitted:  September 29, 2011      Decided:  October 12, 2011

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part and remanded by unpublished
per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant.
Ripley Rand, United States Attorney, Robert A. J. Lang,
Assistant United States Attorney, Winston-Salem, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Jorge Gardner pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 360 months' imprisonment. At sentencing, Gardner's counsel objected to Gardner's designation as an armed career criminal under 18 U.S.C. § 924(e) (2006). Counsel asserted that some of Gardner's prior convictions could not count as predicate felonies because, under the North Carolina structured sentencing scheme, Gardner could not have received a sentence in excess of one year based on his prior record level. Gardner conceded below that this argument was foreclosed by this court's then-authoritative decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), but he argued that Harp should be overruled.

On appeal, Gardner again challenges the district court's conclusion that he had four previous violent felonies. Section 924(e) subjects a violator of section 922(g) to enhanced penalties if he has "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). One of the statutory requirements for a "violent felony" is that it be "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B). When Gardner raised this argument in the district court, it was

2

foreclosed by Harp. 406 F.3d at 246 (holding that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year" the court should consider "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history" and not the maximum sentence that could be imposed on the actual defendant being sentenced). Subsequently, however, we overruled Harp with our en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) (holding that consideration of hypothetical aggravating factors and criminal history is inappropriate when determining whether a prior offense constitutes a felony). Our Simmons decision requires reconsideration of Gardner's sentence.

We affirm Gardner's conviction, which he does not challenge on appeal, but we vacate his sentence and remand for resentencing in light of Simmons.[1] Because we cannot determine from the current record whether, in light of Simmons, some or all of Gardner's prior convictions would constitute violent felonies under § 924(e), we express no opinion on that issue and

---

[1] We of course do not fault the Government or the district court for application of unambiguous circuit authority at the time of Gardner's initial sentencing.

3

leave that determination for the district court on remand.[2]  We decline to address Gardner's remaining claims on appeal, as their resolution may be rendered unnecessary by Gardner's resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>

---

[2] On resentencing, the district court should also consider whether Gardner has the requisite predicate felony convictions needed to calculate his base offense level under <u>U.S. Sentencing Guidelines Manual</u> § 2K2.1(a)(2).